# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           CRIMINAL ACTION NO. 5:19-cr-00025

GORDON BLAKE,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendant's Motion to Suppress Evidence* (Document 23), the *Memorandum in Support of Defendant's Motion to Suppress Evidence* (Document 24), the *Response of the United States to Defendant's Motion to Suppress* (Document 41), and the *Defendant's Reply to the United States' Response to Defendant's Motion to Suppress Evidence* (Document 44).

The Court has also reviewed the *Defendant's Motion in Limine to Request the Government to Specifically Identify Which Alleged Depictions of Child Pornography Will Be Introduced at Trial* (Document 26), the *Response of the United States to Defendant's Motion in Limine to Request the Government to Specifically Identify Which Alleged Depictions of Child Pornography Will Be Introduced at Trial* (Document 40), the *Defendant's Motion in Limine to Limit the Number of Files Containing Child Pornography Which Are Shown to the Jury at Trial* (Document 27), and the *Response of the United States to Defendant's Motion in Limine to Limit the Number of Files Containing Child Pornography Which Are Shown to the Jury at Trial* (Document 39).

In addition, the Court has reviewed the *Defendant's Motion in Limine to Exclude Other Bad Acts Evidence at Trial* (Document 25), the *Response of the United States to Defendant's Motion in Limine to Exclude Other Bad Acts Evidence at Trial* (Document 42), the *Notice of the United States to Introduce Evidence Pursuant to Rule 414 of the Federal Rules of Evidence* (Document 31), the *Defendant's Response to Notice of the United States to Introduce Evidence Pursuant to Rule 414 of the Federal Rules of Evidence* (Document 32), and the *Response of the United States to Defendant's [Response] to Notice of the United States to Introduce Evidence Pursuant to Rule 414 of the Federal Rules of Evidence* (Document 43).

    A.  Motion to Suppress

The Defendant moves to suppress the evidence collected during a search of his residence on July 21, 2018, as well as statements made by the Defendant on that date. The facts surrounding the search are uncontested, and the Court finds that a hearing would not assist in evaluating the motion.

On July 21, 2018, the Defendant's son called the police after discovering images that he believed to be child pornography on a computer he was repairing for the Defendant. Trooper C.L. Mollohan responded. The Defendant's son showed him the images. Trooper Mollohan called for another state trooper to secure the evidence and remain at the home while he prepared an application for a search warrant. The warrant application contained the following factual allegations:

> On Saturday, July 21, 2018 at approximately 1405 hours, the affiant received a complaint through his office regarding the discovery of Child Pornography on a hard drive located at XXX Shelia Street, Beckley, 25801 which resides within the boundaries of Raleigh County.

> Your affiant arrived at the aforementioned location and spoke to…the son of Gordon Blake (The Accused). [He] stated that his father had asked him to attempt to repair a hard drive, and upon opening files on said hard drive [he] observed what he believed to be Child Pornography. The affiant asked [the son of the Defendant] to show him what he believed to be Child Pornography to which [he] complied. The affiant then observed what was in fact Child Pornography on the hard drive of the accused. The affiant asked the accused if he knew the reason for the affiant being at his residence to which the accused responded he knew why the affiant thought he was there. The affiant then asked the accused to elaborate to which he stated the affiant believed the material on the hard drive to be Child Pornography. The accused then stated that the girls on the hard drive were all models and were not Child Pornography.

(Document 23-1). In addition, Trooper Mollohan described his experience, including experience investigating computer crimes and crimes against children. He also cited W.Va. Code § 61-8C-3, including the language describing the prohibited content as "material visually portraying a minor engaged in any sexually explicit conduct." (*Id.*)

Raleigh County Magistrate Richard Jones approved issuance of the warrant, and Trooper Mollohan returned to the residence and executed the search. Officers seized three personal computers, seven hard drives, and fifty CD-ROMs. Trooper Mollohan took a recorded, mirandized statement from the Defendant, in which the Defendant denied awareness of illegal content. He admitted that some content on the CD-ROMs might include children, but nothing illicit or illegal. Officers obtained a second search warrant to conduct a forensic examination of the seized equipment and found a large number of images of alleged child pornography.

The Defendant argues that the search warrant is invalid under *United States v. Doyle*, wherein the Fourth Circuit found a search warrant for child pornography invalid. 650 F.3d 460. There, officers sought a warrant to search for child pornography based on a report that three children had told a relative the defendant sexually abused them. One of the children told the

relative that the defendant showed the child pictures of nude children. The warrant application failed to specify when the asserted child pornography was present. The Fourth Circuit found that "evidence of child molestation alone does not support probable cause to search for child pornography." *Id.* at 472. Furthermore, "[t]he mere presence of nudity in a photograph, even child nudity, does not constitute child pornography as that term is defined by Virginia law." *Id.* at 473. Because there was insufficient information to support probable cause that the photos constituted child pornography, and because there was no indication as to when the pictures were possessed, the court found the warrant invalid and found the officer's reliance on it to be unreasonable.

The facts in this case are quite different from those in *Doyle*. A member of the public called in a tip about child pornography. The same day, an officer viewed the images and characterized them as child pornography. The officer noted his experience in computer crimes and crimes against children and referenced the statutory language applicable to child pornography offenses in West Virginia, including the requirement that the content include sexually explicit conduct. An experienced law enforcement officer's assessment that the images meet the legal definition of child pornography after personally viewing the images is likely sufficient to support probable cause in this Circuit.

Even if a description or sample of the images is found to be necessary to permit an independent assessment by the reviewing magistrate, the absence of clear precedent in the Fourth Circuit on that point permits application of the good-faith exception. In *United States v. Leon*, the Supreme Court held that "the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant

cannot justify the substantial costs of exclusion. 468 U.S. 897, 922 (1984). However, "the officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable…and it is clear that in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued." *Id.*

There is no evidence to suggest that Trooper Mollohan acted in bad faith in relying on the warrant, and his reliance, given the status of the law in this Circuit, was not unreasonable. Therefore, the Court finds that the motion to suppress the fruits of the search should be denied.

### B. Quantity and Identification of Images Introduced at Trial

The Defendant seeks to limit the number of files containing child pornography that may be shown to the jury and requests that the Government be required to specifically identify which images will be introduced at trial. The United States indicates that it does not intend to introduce more than ten images of child pornography to the jury and will disclose the images to be introduced seven days prior to trial. Therefore, these motions will be granted as unopposed.

### C. Other Bad Acts and Rule 414 Evidence

The Defendant seeks to exclude images of children that do not meet the federal legal definition of child pornography, "such as images of minors dressed in swim attire or gymnastic outfits while posed in various suggestive manners." (Document 25 at 1.) The United States indicates it will not seek to introduce such evidence, and therefore the Court finds a ruling unnecessary.

The Defendant also seeks to exclude introduction of or reference to "numerous images where the face of the defendant's step-daughter has been 'photoshopped' overtop of other

pornographic and erotica image files." (*Id*. at 2.) He contends that "it is impossible for the Government to prove that the underlying image belongs to any identifiable minor known to the National Center for Missing and Exploited Children" because the individuals in the original images cannot be identified. (*Id*.)

The United States does intend to introduce the images that contain the Defendant's stepdaughter's face and has provided notice that it intends to introduce evidence related to the Defendant's 1997 Pennsylvania convictions for Rape, Statutory Sexual Assault, and Indecent Assault, in which the stepdaughter was a victim.[1] The United States contends that this evidence is intrinsic to the charged offense and necessary to complete the story of the crime, and argues that the age of the person in the image is a question for the jury. The Defendant objects, arguing that such evidence would be unfairly prejudicial and of little probative value, particularly given the lack of similarity between the prior offense and the instant allegations of possession of child pornography.

As an initial matter, the Court finds that the photoshopped images that superimpose the Defendant's stepdaughter's photo on alleged pornographic images do not constitute "other bad acts" evidence pursuant to Rule 404(b). The United States has stated that it intends to introduce such images as direct evidence of the charged offense. The United States will bear the burden of establishing that the images depict children engaged in sexually explicit conduct.[2] Therefore, the Defendant's motion in limine to exclude these images is denied.

---

1 The Defendant was also convicted of corruption of minors and furnishing cigarettes or cigarette papers to a minor. The United States agreed to redact those convictions.
2 The parties should be prepared to suggest an appropriate instruction to ensure that the jury considers the age of the person(s) in the original images, and not the age of the stepdaughter whose face is photoshopped into the altered images.

Rule 414 of the Federal Rules of Evidence provides: "In a criminal case in which a defendant is accused of child molestation, the Court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." There is no dispute that Rule 414 is applicable to this case and generally "allows the admission of evidence for the purpose of establishing propensity to commit other sexual offenses." *United States v. Kelly*, 510 F.3d 433, 437 (4th Cir. 2007). However, "evidence admitted under Rule 414 is subject to Rule 403's balancing test" and may "be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." *Id*. (citing and quoting Rule 403 of the Federal Rules of Evidence.) "In applying the Rule 403 balancing test to prior offenses admissible under Rule 414, a district court should consider a number of factors, including (i) the similarity between the previous offense and the charged crime, (ii) the temporal proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense." *Id*.

The Court has carefully considered the factors established in *Kelly* and finds that the prior convictions arising from an instance of sexual abuse of a child are dissimilar from the instant alleged offense of possession of child pornography. However, the use of images of the prior victim in this instant offense increases the relevance of the prior conviction. The prior offense occurred more than twenty years ago and was apparently a single incident. The United States has not presented evidence of intervening acts. The evidence of the prior offense appears reliable.

The United States indicates that it intends to introduce the following specific evidence relative to the prior conviction: a copy of the conviction (redacted to exclude irrelevant offenses), a copy of the Defendant's handwritten statement describing the offense, and testimony from the

lead investigator in the 1997 offense, regarding the authenticity of the statement and the ages of the victims at the time of the 1997 offense.

Having carefully considered the proposed evidence in light of Rule 403's balancing test, the Court finds that a copy of the conviction and the Defendant's handwritten statement are unduly prejudicial, as well as potentially confusing to a jury. Given the dissimilarity of the offenses and the intervening decades with no known offenses, the probative value is limited. The conduct described as to the 1997 offense is likely to prejudice jurors such that they would have difficulty fairly evaluating the evidence of the charged offense. However, identifying the face superimposed on images as that of the victim of an offense the defendant was convicted of in 1997 is relevant and of significant probative value, both under Rule 414 and under Rule 404(b)(2). As the Court previously found, those images are admissible. The Court further finds that testimony contextualizing those images is admissible.[3] Therefore, the Court finds that limited testimony related to the 1997 conviction is admissible.[4] Counsel should be prepared to proffer proposed limiting instructions for such testimony.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Motion to Suppress Evidence* (Document 23) be **DENIED**. The Court further **ORDERS** that the *Defendant's Motion in Limine to Request the Government to Specifically Identify Which Alleged Depictions of Child Pornography Will Be Introduced at Trial* (Document

---

[3] Reference to any victims of the 1997 offense who are not involved in the present conduct will not be permitted, as the risk of unfair prejudice outweighs the limited probative value.
[4] Should the Defendant contest the existence or validity of the prior conviction, the Court's ruling regarding the admissibility of the judgment may be re-opened.

26) and the *Defendant's Motion in Limine to Limit the Number of Files Containing Child Pornography Which Are Shown to the Jury at Trial* (Document 27) be **GRANTED as unopposed**. Finally, the Court **ORDERS** that the *Defendant's Motion in Limine to Exclude Other Bad Acts Evidence at Trial* (Document 25) be **GRANTED** in part and **DENIED** in part, as detailed herein.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: July 9, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA