IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**UNITED STATES OF AMERICA**

v.                                                              Criminal No. 5:19-cr-00025

**GORDON BLAKE**

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Gordon Blake, by his counsel, submits this Memorandum outlining the various 18 U.S.C. § 3553(a) factors for the Court's consideration at his upcoming October 24, 2019, sentencing hearing.

**A.     Legal Objections**

Mr. Blake has one remaining legal objection which impacts his offense level calculation.  Mr. Blake has objected to the Government's withholding of the third point for the acceptance of responsibility reduction under U.S.S.G. § 3E1.1(b).  (PSR ¶ 35).  The Fourth Circuit has held that the Government retains the discretion to refuse to move for the third point for acceptance of responsibility, but only on the basis of an interest recognized by the U.S.S.G. § 3E1.1(b) guideline.  *United States v. Divens*, 650 F.3d 343, 346-347 (4th Cir. 2011).  Counsel's filing of a motion in limine on the same date as the entry of this Court's Order denying Mr. Blake's Motion to Suppress should not have any bearing on the Government's decision to move for the third point.  Once Mr. Blake was advised by counsel of the Court's ruling, Mr. Blake decided to plead guilty without a plea agreement.  Mr. Blake's decision should be

considered as being "timely" for purposes of U.S.S.G. § 3E1.1(b) as it was made four days prior to the scheduled start of his trial.

Mr. Blake objects to the inclusion of a 1989 simple assault conviction noted in Paragraph 38 of the PSR. This conviction did not appear on the NCIC provided by the Government and the record relied upon by the Probation Officer does not containing any personal identifying information of this defendant.[1]

Mr. Blake objects to the proposed special condition of supervised release which would allow a search of his person and property by a U.S. Probation Officer upon reasonable suspicion that he has violated a condition of supervision. (PSR ¶ 108). A district court's decision to impose any special condition of supervised release requires an individual assessment that the condition is not more restrictive than what is needed to satisfy an important governmental interest. *United States v. Wroblewski*, 2019 U.S. App. LEXIS 20708 (4th Cir. July 12, 2019). This special condition should be reserved only for such individuals whose criminal history reflects a lengthy history of re-engaging in criminal conduct or who otherwise did not abide by the conditions of parole, probation, or supervised release. The PSR reflects that Mr. Blake has not been arrested on any criminal charges since his 1997 convictions in Pennsylvania. Mr. Blake's advanced age at the time of his anticipated release from custody and numerous chronic health problems would also make highly unlikely that Mr. Blake would ever engage in any further criminal conduct while on supervision. Moreover,

---

[1] A copy of the abstract of court record for *State of Wyoming v. Gordon R. Blake* has been attached as Exhibit A.

Mr. Blake has not objected to the terms of the Probation Office's Computer Use Agreement which allows the Probation Office to search and forensically examine any computer or other device capable of Internet access. (PSR ¶ 97).

**B.**     **18 U.S.C. § 3553(a) Factors for Consideration**

The advisory guideline range for Mr. Blake's case would seek to impose a term of imprisonment that would be significantly greater than necessary for purposes of punishing Mr. Riggs for his criminal conduct. For example, the U.S.S.G. § 2G2.2 guideline calculation overlooks the following mitigating 18 U.S.C. § 3553(a) factors concerning:

>    (1)     Mr. Blake's role in the offense conduct involved his downloading of images of child pornography solely for his viewing purposes as opposed to being involved in any more serious conduct such as the production of such materials, distributing materials with others over the internet, or any improper solicitation of any minor;
>
>    (2)     Mr. Blake's personal history reflects sixteen years of service to his country as an enlisted member of the United States Air Force from 1976 to 1992;
>
>    (3)     Mr. Blake's lupus diagnosis in 1992 resulted in Mr. Blake's retirement from the military with an honorable discharge and the chronic medical problems associated with this condition kept Mr. Blake from pursuing meaningful long term employment as an adult.
>
>    (4)     The use of the U.S.S.G. § 2G2.2 guideline in child pornography cases results in an excessive offense level calculation where the majority of enhancements are not rationally based on any aggravating conduct and fail to distinguish between the culpability of defendants; and
>
>    (5)     The Court's ability to closely monitor Mr. Blake's activities during a lengthy term of supervised release that would include continued participation in a sex offender treatment program with

polygraph testing, as well as other more stringent conditions over a longer period of time than a typical federal offender.

Mr. Blake would ask this Court to consider all of these factors to impose a variance sentence of a term of imprisonment of ten years to be followed by a fifteen year term of supervised release.[2] Mr. Blake would rely upon the following factors in support of this suggested sentence:

(1) Mr. Blake's criminal conduct stemmed from his downloading of images of child pornography for his personal viewing. Mr. Blake was not using peer-to-peer software which generally permits a large volume of contraband files to be automatically shared with other likeminded Internet users. Some of the contraband images which Mr. Blake possessed had been altered by him to include the faces of his former stepdaughters. Mr. Blake was not involved in the actual production of any of the contraband content found in his possession. Mr. Blake was not engaged in any sexually explicit chats with any minors in any internet chat rooms nor was there any allegation that Mr. Blake had ever initiated any inappropriate contact with any minor in the community during the course of this offense.

(2) This Court has previously recognized that the strict application of the U.S.S.G. § 2G2.2 guideline for child pornography cases results in an unfair scheme of punishment which is not entitled to the deference. *United States v. Eddie Dwaine Justice, Jr.*, Crim. No. 5:17-cr-00043 (S.D. W. Va. 2017). The Sentencing Commission

---

[2] Because of the nature of Mr. Blake's prior Pennsylvania convictions, the provisions of 18 U.S.C. § 2252(b)(2) require that Mr. Blake is subject to a mandatory minimum term of imprisonment of ten years.

4

has studied the problems with several of the suggested offense level enhancements and has noted that the U.S.S.G. § 2G2.2 guideline no longer adequately distinguishes among offenders based on their degrees of culpability. The Sentencing Commission noted that guideline penalty ranges and average sentences have substantially increased because of the PROTECT Act statutory amendments and that legislative changes need to be made to undo the majority of offense level enhancements that are routinely applied in the majority of cases. The presence of these "run of the mill" enhancements has continued in recent years as well as evidenced by the following data released by the Sentencing Commission for the 2016, 2017 and 2018 fiscal years:[3]

| 2G.2.2 Enhancement | 2016 | 2017 | 2018 |
| --- | --- | --- | --- |
| +2 (use of a computer) | 94.1% | 95.7% | 96.6% |
| +2 (possession of prepubescent minors) | 96.5% | 94.1% | 94.1% |
| +5 (greater than 600 images) | 76.7% | 74.7% | 76.7% |

As a result where these offense level enhancements are present in nearly every case, they no longer serve to distinguish between more culpable and less culpable defendants. This Court should not consider these enhancements which would otherwise increase Mr. Blake's offense level by nine levels. This Court should treat Mr. Blake's adjusted offense level as being 27 before considering any further reductions for acceptance of responsibility. (PSR ¶ 33).

---

[3] Copies of the relevant pages concerning data pertaining to the U.S.S.G. § 2G2.2 offense level enhancements from the 2016, 2017, and 2018 *Use of Guidelines and Specific Offense Characteristics* published by the U.S. Sentencing Commission have been attached as Exhibit B.

Respectfully submitted this 11th day of October, 2019.

**GORDON BLAKE**

By Counsel

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

**s/David R. Bungard**
David R. Bungard, Bar Number: 5739
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, WV 25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: david_bungard@fd.org